### LIST v. NEW YORK CENT. R. CO.

(Circuit Court of Appeals, First Circuit. January 7, 1925.)

No. 1748.

**Master and servant ⊂═287(3)—Whether employee, injuring coemployee, was acting within scope of employment, held for jury.**

In action under Massachusetts law for injuries to employee, struck by waste thrown by other employee in direction of waste basket, question whether other employee was acting within scope of his employment *held* for jury.

Johnson, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Massachusetts; Peters, Judge.

Action by Marie V. List against the New York Central Railroad Company. Judgment for defendant, and plaintiff brings error. Judgment vacated, verdict set aside, and case remanded, with directions.

Leo J. Kelly, of Boston, Mass., and Christopher J. Muldoon, Jr., of Somerville, Mass. (John J. O'Hare and Kelly & Schumb, all of Boston, Mass., on the brief), for plaintiff in error.

Ralph A. Stewart, of Boston, Mass. (Herbert Schnare, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a writ of error from a judgment in favor of the defendant in a personal injury suit, in which, under the laws of Massachusetts, the master is made responsible for the negligent acts of his servants within the scope of their employment. At the close of the plaintiff's evidence a verdict was directed for the defendant, upon which judgment was entered. This is the error complained of.

There is no question but that it could have been found that the plaintiff was injured, and that her injury was due to the negligent act of the defendant's servant. The only question is whether there was evidence from which it could have been found that the servant, at the time in question, was acting within the scope of his employment.

The plaintiff's evidence tended to prove that, at the time she sustained her injury, she was at work for the defendant in one of the rooms set apart for auditing its freight accounts; that her duties consisted in operating machines for punching and tabulating cards; that there were also employed in the same room five other girls and two men, Mr. Fitzgerald and Mr. Roberts; that in the room there were four desks, four tabulating machines, two large card-sorting machines, and a large oblong table that Fitzgerald and Roberts worked at; that Fitzgerald was in charge of the room and directed the work there carried on; that Mr. Roberts' duties consisted in doing tabulating work, assisting Mr. Fitzgerald, and in tidying the room; that it was customary for him to keep the tables and desks in order; that the work was of such a character as to produce waste material and refuse, most of which came from the punching and tabulating machines; that eight or ten waste baskets were provided for the purpose of taking care of the refuse and waste material, one of which was supposed to be at each punching machine; that it had been customary for some time prior to the accident for some of the girls to eat their noon luncheon in the room; that it was advantageous to the conduct of work of the nature there carried on that the desks and table be kept clean and free from refuse; that on the day of the accident some of the girls took their luncheon in this room, but the plaintiff went out to her noonday meal; that thereafter she returned and resumed her work, and between 2:30 and 3 o'clock was sitting at a tabulating machine at the rear end of the room, engaged in her regular work; that about this time Fitzgerald and Roberts came into the room, and Fitzgerald, seeing that there was some orange peel, papers, an orange, and other waste material

on the long table, which had been left there by the girls after their noon lunch, directed Roberts to clean up the table and remove the waste; that Roberts rolled up some of the material in a paper and threw it in the direction of a waste basket back of where the plaintiff was sitting; that the bundle missed the basket; that Roberts then picked up the orange and threw it in the direction of the same basket; and that, instead of going into the waste basket, it struck the plaintiff, causing the injury complained of.

From this evidence the jury, as reasonable men, might find that Fitzgerald had charge of the room, with authority to keep it in order; that it was advantageous to the work there being conducted that the desks and tables be kept cleared of waste; that Fitzgerald, in directing Roberts to clear away the waste, was acting within the scope of his authority; and that Roberts, in clearing it away, was not only performing his duty as directed, but that, had he not been acting at the time under the immediate direction of Fitzgerald, he could have been found to have been acting within the scope of his employment, as he was only performing a duty which he had customarily performed in the defendant's service.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the plaintiff in error.

JOHNSON, Circuit Judge, dissents.